UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY RAY SLUSSER,

        Petitioner,                      Case Number 10-14252
                                              Honorable David M. Lawson

v.

STATE OF MICHIGAN,

        Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Rodney Ray Slusser, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 while confined in the Jackson County, Michigan county jail awaiting trial on criminal charges of felonious assault with a dangerous weapon and aggravated domestic violence. The petition challenges the impartiality of the trial judge, alleges a conspiracy between the trial judge, the prosecutor, and defense counsel, and raises claims relating to prosecutorial misconduct, ineffective assistance of counsel, and the alleged invalidity of a habitual offender charge and his prior convictions. Slusser has previously filed two other habeas petitions challenging his current incarceration and raising similar claims, which have been dismissed without prejudice. *Slusser v. State of Michigan*, No. 10-12611 (E.D. Mich. Aug. 30, 2010) (dismissing petition for failure to exhaust state remedies); *Slusser v. State of Michigan*, No. 10-13171 (E.D. Mich. Sept. 30, 2010) (dismissing petition as duplicative of the petition filed in *Slusser*, 10-12611).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a petition for a writ of habeas corpus and determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after this

1

initial consideration, the Court determines that the petitioner is not entitled to relief, then the Court must summarily dismiss the petition. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Cases subject to dismissal under Rule 4 include those that raise frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

A state pretrial detainee may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Habeas relief for a pretrial detainee generally is unavailable unless he demonstrates that: (1) he has exhausted available state court remedies; and (2) "special circumstances" warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993).

The petitioner has not shown that he has exhausted his state remedies. Slusser asserts that he has attempted to exhaust state court remedies by "filing a petition for post-conviction relief" with the trial court, and that court has refused to allow him to proceed by way of post-conviction or habeas review. He does not represent that he appealed any of the trial court's rulings to the state appellate courts. Moreover, if he is unable to proceed before the state trial court, then he may file an original petition for state habeas relief in the Michigan Court of Appeals, *see Triplett v. Deputy*

2

*Warden*, 371 N.W.2d 862, 866 (Mich. Ct. App. 1985), and an application for leave to appeal a denial of that petition with the Michigan Supreme Court, Mich. Ct. R. 7.302. If the petitioner is eventually convicted, then he may pursue a direct appeal in the Michigan state appellate courts. Mich. Ct. R. 7.203(A), (B); Mich. Ct. R. 7.302. The petitioner gives no indication in his petition that he has exhausted any of these remedies.

The petitioner also has not shown that special circumstances warrant federal habeas review of his detention. It appears that the petitioner was to set to stand trial on October 13, 2010, but the trial was adjourned due to a court scheduling conflict. Slusser represented in his petition that he was confined while awaiting a determination of his mental competency to enter a plea or stand trial. The Court has no information that the competency evaluation was ever completed, and the petitioner has filed no papers in this case since November 2010. The issues raised in the petition may yet be resolved through the state trial or appellate process, and the state courts must be given a fair opportunity to rule upon the merits of the petitioner's claims before he presents those claims for consideration by a federal court on habeas review.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 11, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

3