UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY RAY SLUSSER,

        Petitioner,                           Case Number 10-14252
                                                        Honorable David M. Lawson

v.

STATE OF MICHIGAN,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Rodney Ray Slusser, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his detention in the Jackson County, Michigan county jail while awaiting trial on charges of assault and domestic violence. Slusser challenged the impartiality of the trial judge, alleged a conspiracy between the trial judge, the prosecutor, and defense counsel, and raised claims of prosecutorial misconduct, ineffective assistance of counsel, and the alleged invalidity of a habitual offender charge and his prior convictions.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate

1

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner has failed to show either that he exhausted all available state remedies prior to filing his petition or that any special circumstances warrant the intervention of a federal court in the state trial proceedings, and that reasonable jurists could not debate the Court's conclusions as to either of these issues.  The Court therefore will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   February 11, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2013.

s/Deborah R. Tofil  
DEBORAH R. TOFIL

2